R. L. ISHERWOOD, Administrator, Appellant, v. ANNIE E. THOMPSON, Administratrix, Respondent.

Kansas City Court of Appeals, February 1, 1915.

1. **DRAMSHOP KEEP'ER: Unexpired Term of License: Refund: Statute.** The statute of Missouri (Laws 1911, p. 302) authorizes the payment to the legal representative of a deceased dramshop keeper, a proportionate part of the license he has paid, for the time not yet expired at the date of his death. And such sum can only be paid to the legal representative of the licensee, notwithstanding the licensee may have obtained the money from another, under an agreement that the shop should be the property of the latter.

2. ————: ————: ————: **License in Name of Another.** A statute (Laws 1911, p. 302) authorized the return to the legal representative of a deceased dramshop keeper the proportionate part of the license he had paid, counting from the day of his death to the end of the time the license was to run. An agreement was made between C and T that the latter would furnish the dramshop license money to the former and that the former would secure a license and run the dramshop as the latter's barkeeper, at weekly wages, and though the shop was to be run in the name of the former, it was to be the property of the latter. Afterwards, before the license was to expire, both died, and the administrators of each made claim to the money for the portion of the time the license was yet to run. It was held that the money should be paid to the administrator of the licensee. That to recognize the agreement by paying the money to the administrator of the person furnishing the money would be a fraud on the dramshop law and against public policy.

Appeal from Livingston Circuit Court.—*Hon. A. B. Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*Scott J. Miller* for appellant.

*F. M. Gill, S. L. Sheetz* and *Frank Sheetz* for respondent.

ELLISON, P. J.—Plaintiff brought an action against the city of Chillicothe for $1125 alleged to be due him for an unexpired six months term of a dramshop license issued to Jessee Carroll, deceased, plaintiff's intestate for the sum of $1500. Annie E. Thompson as the administratrix of the estate of her deceased husband, John M. Thompson, claimed to be entitled to the money on the ground that her husband was, in reality, owner of the saloon and that he paid the license through Carroll; or, stated differently, that he gave the money to Carroll with which to pay the license. The city of Chillicothe admitted that there was due to one or the other of these parties the amount claimed and brought that sum into court asking that the claimants be required to interplead. The parties agreed and interpleas were filed. On trial of these, the court found for interpleader, Thompson, and plaintiff has brought the case here.

The claim of each party is based on an act of the Legislature (Laws 1911, p. 302) which provides that "In case any licensed dramshop keeper shall die before the expiration of the license granted him, such portion of the county, State, city, town or village tax, paid in such case, as equals the ratio the unexpired part of the term, of the license bears to the whole term, shall be repaid to the administrator, executor or the personal representatives of said licensee."

The evidence showed that Jessee Carroll took out a license in 1912, and that he paid the semi-annual license of $1500 in renewal, at the expiration of each six months period. That finally, January 10, 1913, he paid $1500 for a renewal to July 10th following, and died in forty-five days thereafter, leaving $1125 representing the unexpired time his license was to run, had he lived. To the public and to every outward appearance, the saloon was his.

But there was evidence in Mrs. Thompson's be-half, and for the purposes of the case we will assume that, if competent, it established, that her husband fur-nished the money to pay the several licenses to Car-roll under an agreement that the latter was to be his bartender and operate the saloon at wages of $12 per week, he, Thompson, buying all goods (though bought and shipped in Carroll's name) and paying all bills and receiving all profits. For the last of these license payments, the one in controversy, it was shown that Thompson borrowed the money from Val Blatz Brewing Company and gave his note to that company for it, and that company sent a "cashier's check" for $1500 to Thompson, payable to Carroll and the latter deposited it in a local bank and then paid it to the proper authority.

If Thompson be looked upon as merely advancing the money to Carroll, or loaning it to him, he must be considered as only an ordinary creditor, with no right-ful claim to this particular money or fund. Hence, in that view, Mrs. Thompson should not prevail in this proceeding.

Therefore she is compelled to rely upon the state of case we have set out and have assumed to be the facts. That is, that her husband paid for the license in the name of Carroll and was running the saloon in his name. Her husband's acts, however well intended for the benefit of Carroll, were a fraud upon the law and the public as well, and it would be palpably in the face of public policy to permit them to become the foundation for a reimbursement of moneys laid out in perpetrating that fraud. The law has undertaken to throw every safe-guard around the matter of grant-ing a license for a dramshop. The licensee is the keeper of the shop and he is known to the law as the "dramshop keeper." Scarcely anything could be more personal than the regulations surrounding the licensee.

It is the named licensee whom the petitioners ask may be licensed. He must be of good character; he must conduct an orderly shop. He must refrain from doing, and must not permit the doing, of many things by others. He is under heavy bond and liable to severe penalties and punishments for the transgression of a great number of regulations of his conduct. These stringent laws were enacted in the interest of society, for the establishment of good order, and the protection of the morals of the people.

Such regulations could know of no other person as the dramshop keeper and the statute did not contemplate that any other person should stand in the place of the ''licensee'' mentioned therein. The only authority or right a city, county or State has for paying back the ratio sum for the unexpired term of the license is to pay it to the administrator of him who took out the license.

The judgment will be reversed and the cause remanded with directions to enter judgment for interpleader Isherwood. All concur.